Good morning, Your Honors. Richard Wolff, along with Renee Maness, representing Appellant Gregory Paul Wilson. Your Honor, before I begin, I just want to make sure that Judge Nelson can hear me and also that I've created these blow-ups, but I'm not sure that which I may employ during my argument, but I'm not sure how visible they'll be to him over the camera, which I'm assuming is up there. We'll make sure that adequate copies get to Judge Nelson for his review. All right. Thank you. If you choose to refer to them during argument. All right. Thank you, Your Honor. And I'd like to reserve two minutes of my 15 minutes, I believe, that I have. Thirteen? Okay. You're on. May it please the Court, this case presents a straightforward double jeopardy issue. And the State of Oregon is asking this Court to do something which is unprecedented in the history of American jurisprudence, and that is they're asking to try an individual again for the same offense after a jury has acquitted that individual of a charged offense, acquitted that individual of a lesser included same offense, and after that individual is convicted of yet an even lesser degree of a lesser included offense. And after being rebuffed by this Court for attempting to try Mr. Wilson again for the charged offense of aggravated murder, Oregon now asks this Court to permit it to pursue yet another trial for the charge of ordinary murder, albeit under a different theory than the theory of ordinary murder, which the jury acquitted Mr. Wilson of in his 2000 trial. Now, eight years ago, I ---- Before you get too far into the substance of it, I have a question about the COA's argument, and I have read your letter and the cases that seem to apply, and I still don't quite understand why you say a COA is not required in this case. Well, Your Honor, we are contending that we're not challenging a detention in this case. Mr. Wilson is in custody on a separate judgment for the underlying charge of kidnapping, and he could be on bail. He could be ---- he's not challenging a detention. He's challenging the government's right to prosecute him again on this charge of ordinary murder. And so 2253 does not refer to 2241 specifically. It refers to situations ---- Isn't he in detention awaiting trial on those charges? Well, he is being detained on a separate judgment. Technically, he is in custody on ---- because we've never asked for a bail hearing, because it was irrelevant since he's serving a sentence on the kidnapping charge. But an individual could be out of custody and challenging, bringing an action under 2241, because they're not challenging a judgment, to prohibit them being tried again under the double jeopardy clause. And furthermore, Your Honor, we had indicated in our notice of appeal that we didn't believe that a certificate of appealability was required under the circumstances of this case. I can imagine some circumstances in which they would be, perhaps a civil commitment proceeding where the person's detained and they're seeking to get relief from that detention. But we indicated in our notice of appeal we didn't think it was necessary. If the district court wanted us to brief that issue, we offered to do so. The district court went ahead and processed the appeal. And as this court has held in United States v. Asrar, which is 116 F. 3rd, 1268, if no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. And so we indicated we didn't think it was necessary. If the court thought it was, certainly tell us. The state never objected. And the district court went ahead and processed the appeal. And we're before you now. And in the event that you think that one is necessary under these circumstances, which we contend it is not, we certainly believe that we meet the criteria for that. This is an issue that reasonable jurists could debate. They have been debating it in this very case before this very court. And this court certainly has the authority to issue it. I've seen cases where this court has remanded it to the district court for the issuance. But we don't think that's necessary in this circumstance. So if that answers your question, Judge Nelson, unless you have other questions about the certificate, if I could go to the merits. So it sounds like, at least for the moment, the question has been answered. Just to put a final underline, my understanding of how we got here is that your client achieved habeas relief before the circuit, which said, the Ninth Circuit panel said that the acquittal on intentional murder barred prosecution on jeopardy grounds for aggravated felony murder, correct? Correct. Then went down to the district court, and you asked the district court to include, to, if you will, broaden the bar to prevent re-prosecution on, for lack of a better description, ordinary felony murder, correct? That's the correct description, ordinary. And the district court refused, and you are appealing from that. No, no, no. Actually, it goes back further than that. 2000, we have this trial. Mr. Wilson's acquitted of aggravated murder. He's acquitted of ordinary murder. The jury hangs on three counts of aggravated felony murder. And the State is given more time to decide, what are you going to do? Because not every mistrial results in a re-prosecution. The State came back and said, we want to try Mr. Wilson again for felony murder. And I filed a memorandum and said, you can't do that, double jeopardy. Then the State changed its mind and said, no, we want to try him for aggravated felony murder. And the, and that is what we then proceeded on, went to the Oregon Supreme Court, ultimately to district court, and to this court. And the, and the State was saying, we want a aggravated felony murder retrial. This court said, you cannot have an aggravated felony murder retrial because of the acquittal on intentional, on ordinary murder. And so, when we went back to the district court, we said, we think that no retrial can be barred, that no retrial can be had. And we said, we're going to have to the district court said, well, the Ninth Circuit's opinion specifically refers to aggravated murder, that's all I'm going to include. So that was the order which issued. Then we went back to State court, and the Oregon said to the trial court, well, now we want to try Mr. Wilson for ordinary murder. Okay, I'm clear. Go ahead. And then we went back, and here we are. Go ahead. So, really to this, while we're talking about the COA, do you agree that the defendant is in custody? Well, he's He's being detained? He's being detained? He is being detained on kidnapping. There's a judgment for kidnapping. There's a judgment for attempted, aggravated, and attempted ordinary murder, which he's being detained on. And I suppose technically he is in custody. Well, the interesting thing is, really, there's no indictment anymore. But you're not challenging that custody, are you? We're not challenging that custody, correct. We're challenging the So what are you doing if you're not challenging his detention? We're challenging Why are you here? We're challenging the State's ability to try him again for the offense of murder, of ordinary murder. We're bringing a challenge under the Double Jeopardy Clause, which this Court has repeatedly said can be brought prior to the trial occurring, because the harm that the Double Jeopardy Clause protects against is to be subjected to a second trial, a subsequent trial. And so a short of detention, can you really use habeas to challenge the legal issues? Yes. There's multiple cases out of this circuit and out of the Supreme Court which says this is the proper time and place to bring a Double Jeopardy challenge. It's one of the few exceptions to the Younger Abstention Rule that permits a federal court to – the only way you can vindicate your Double Jeopardy right is to litigate it before you're placed in jeopardy again. So I think that's clearly established, Your Honor, that this is the time and place in which to bring this challenge. So it's important to understand Oregon Homicide Law, to understand this, to undertake the Double Jeopardy analysis. And what we have in Oregon is we have two types of murder. We have aggravated murder, which can be committed 17 different ways. It's ordinary murder with one or more aggravating circumstances, you know, death of a police officer, death of a child, using an explosive device, a number of things. Do you have an 8 1⁄2 by 11 of that? Not right here. Okay. Go ahead. Then we have ordinary murder, which can be committed in one of three ways, intentionally, by a felony murder, or by abuse. And, of course, Mr. Wilson was acquitted of five theories – five of the eight theories of aggravated murder. He was committed – he was acquitted of the sole ordinary murder charge that was in the indictment. And then he was convicted of these lesser included offenses of attempted murder and attempted aggravated murder. So we have acquittal, acquittal, and conviction on yet a lesser, further lesser. So the question then becomes, is Mr. Wilson being prosecuted for the same offense? And we know under Oregon law that murder, criminal homicide, constitutes murder when it's committed intentionally, by a felony murder, or by abuse. And the Oregon Court of Appeals has said the legislature envisioned intentional murder, felony murder, and murder by abuse not to be separate crimes, but to be alternative theories for the crime of murder. So if you are prosecuted for – on alternative theories of intentional murder, murder by abuse, the jury convicts you of both of those, you have but one punishable offense. You have but one conviction for the crime of murder. That means all three of those theories are but one offense, and that is only punishable. So they don't punish you three different times for the same conduct, even though it was chargeable under three different offenses? Correct. I understand the merger there. Why does acquittal on one type of murder mean acquittal as to everything else? Because they're the same offense. Because they, under Oregon law, it's our equivalent of block murder. But an intentional murder might be different from felony murder, even though they merge. If you were convicted of both of those, we would say, okay, we're only going to sentence you once for this underlying conduct. And we're only going to convict you once. Right. We're only going to convict you once. But if a jury said, well, it wasn't intentional, but it might have been felony murder, I don't see why that's double jeopardy to retry. If you were acquitted on the intentional murder and the jury hung on felony murder, ordinary felony murder, I don't see why that has to be – why we would have to direct a verdict on that. Why is that double jeopardy? Because you have an acquittal on the offense of murder. And because to permit otherwise – These are three sort of variations. In other words, there's three different ways in which you can commit this murder. Just because the jury says, well, you didn't do it this way, doesn't mean you didn't do it that way. Right. But if they have – to permit what the State is asking would mean that they could charge a person with intentional ordinary murder. And if the jury quits them, or – then they could come back and charge them with ordinary murder by felony murder. And if they acquit them, they could bring them back a third time and try them for – Has the jury ever been instructed on felony – ordinary felony murder in these cases? In this case? Yeah. Yes. They were instructed. They were. And what did they come back with on this case? They weren't permitted to reach it because it was a lesser-included offense of aggravated felony murder. They were given the acquit first instruction, which didn't apply originally. Right. And so they were 9 to 3 for acquittal. They needed 10 in order to reach the requirement of ordinary felony murder. So they never were able to reach it because they didn't return. So we've had – we've had a jury that was – that was instructed. You didn't have any – you didn't have any plausible objection at the time to that instruction, did you? Well, there's no ability for us to object because if either party requests a lesser, which is worded by the law, the – that party is entitled to it. So once they request it, we have – even if we object, they're entitled to – the jury is entitled to consider it. So there's no – it's a superfluous objection at that point. So I – I just – I know I'm into my rebuttal time, but, you know, these seminal Supreme Court cases really are what – why we should win. Brown, if two offenses are the same for purposes barring consecutive sentences at a single trial, they necessarily will both be the same for purposes of barring successive prosecutions. That's exactly what we have. And where a trial terminates with a judgment of acquittal, as here, double jeopardy principles concerning the permissibility of a retrial after a declaration of mistrial have no bearing. So we have the essential element of the acquittal, which is what triggers the original And the late Justice Rehnquist wrote in Scott, as we have recognized in cases from U.S. v. Ball to Santa Brea, a defendant once acquitted may not be again subjected to trial without violating the double jeopardy clause. So the question is, which is – I submit a closed question under Oregon law. Ordinary murder is the same doesn't apply in a double jeopardy situation when you have the key component of an acquittal on that offense. Okay. We'll give you a little bit of time for rebuttal. And we'd ask that you provide the Court as soon as possible with 8 1⁄2 by 11 copies of the exhibits you referred to so we can share them with Judge Nelson. Thank you, Your Honor. Thank you. Mr. Thompson. Thank you, Your Honor. May it please the Court, David Thompson, appearing on behalf of the Respondent Superintendent. I'd like to, at the outset, address the question that was raised by the Court with respect to the certificate of appealability, because, quite frankly, I had not realized, and nor had my colleague, Mr. Sylvester, who's been handling this case, that it raises a very serious question about jurisdiction under 2241 in light of the response that Petitioner gave to the Court's question regarding a COA. The position that the Petitioner takes is that no COA is necessary because there is no challenge by the Petitioner to any detention, any custody, any restraint associated with the Fifth Amendment double jeopardy argument or claim that is being made. Well, let me ask you this question. Let's suppose that Mr. Wilson had gone to trial on a single count of murder in the first degree. Is that what in Oregon is intentional murder? That would be. Ordinary murder, intentional murder. He goes to trial on one count of intentional murder, and he's acquitted. Okay? Yes. And the State of Oregon decides they want to retry him for intentional murder. How does he stop that if the Oregon courts don't intervene? Are you telling us that habeas is not available to an acquitted defendant to prevent a State from prosecuting the person on the exact same charge for which he's been acquitted? I think that there is habeas relief available if you have custody, because this plain language of the statute, 2241, requires that there be custody. In my hypothetical, the person's been acquitted. They're not in custody. They're free. How do they challenge the State's desire to reprosecute them on the very same offense? Well, I'm assuming that under those circumstances, Your Honor, what would happen is that the State would try to attempt to retry the defendant on the very same offense. They would either take him into custody, detain him in some way for purposes of that retrial. Two avenues of relief would obviously be available to the defendant under those circumstances. One would be through State court. That's clear. And if the relief doesn't come through the State courts, then clearly the defendant in custody being detained for a retrial on an acquitted offense would have an avenue to go to Federal court. I think Judge Hawkins' hypothetical to you was what if he's not in custody? Well, if he's not in custody under a rather broad definition of custody that this Court has adopted, I don't see that under 2241 he's got a vehicle. Now, I had understood from Mr. Wolf, and I haven't undertaken independent research to figure out whether that's correct or not, but I'd understood that Mr. Wolf's argument was that there was a recognized exception to the in-detention requirement for that kind of a double jeopardy scenario. No. I don't see that as the expressed exception for double jeopardy. The expressed exception in the case law for purposes of double jeopardy is that you don't have to exhaust in State court. In other words, you can't be in detention. You'd still have to have a detention. I think that's clear. The plain language of 2241 requires in custody in order for the Court to have jurisdiction. And I didn't make the argument in the letter brief that we filed with the Court because I assumed that Petitioner was asserting some sort of detention related to the double jeopardy claim. And in their response or in the letter brief that they filed, and today in this Court, the assertion is made that there is no challenge to any detention or any custody related to this claim. And for that reason, this Court appears not to have jurisdiction under 2241. That's an initial question that this Court is required to answer in order to consider any of the arguments that the Petitioner makes. Unless the Court has further questions on the jurisdictional question, which I think is clearly presented, I'll respond quickly to the arguments relating to why Petitioner believes that under organ law, intentional murder, ordinary intentional murder and ordinary felony murder are the same offense for purposes of double jeopardy analysis. What Petitioner fails to apply is the Blockberger test, which is the test for same offense. That test looks at elements. It doesn't look at a structure in State law like Oregon does, which simply identifies as different theories of murder, three different types, intentional, felony murder, murder by abuse. And the Blockberger test requires that you look at the elements. And a Petitioner simply cannot get around the fact that the elements of intentional murder under Oregon law and the elements of felony murder simply do not overlap in the sense that intentional murder requires an intentional mental state. Felony murder does not. And for that reason, each of the offenses, these two distinct offenses, have different elements. And under the Blockberger test, that says they're not the same offense, regardless of how they may appear under the Oregon statutes. And that's the straightforward, simple answer to the same offense argument that Petitioner made below and now makes to this Court in which the district court correctly rejected on the analysis that I just presented. A quick question. Ordinary felony murder, if I can use that term, is a lesser included offense of aggravated murder? It's certainly a lesser included offense of aggravated felony murder, which was charged in counts 1, 2, and 3. Those are the counts on which the jury hung. And the issue in the first go-around in this Court, of course, was whether the court could go back to the state could go back and retry on aggravated felony murder charges in light of the fact that there was an acquittal on intentional murder. And, of course, this Court held that applying the Blockberger test, these became the same offense and, therefore, successive prosecution for the same offense was barred. This isn't the same offense. So in the retrial in Oregon Court, the jury did not reach the offense of felony ordinary felony murder? It did not, Your Honor. It did not. And it squarely did not because it was instructed on an acquittal first instruction that it could not reach those lesser included offenses. Unless it acquitted. Acquitted on the greater. Yes. And unless the Court has questions with respect to the same offense argument that has been presented by the Petitioner today, I would simply rest on the brief with respect to all of the other theories that the Petitioner has presented. Judge Nelson, any other questions of the State? No questions. Okay. Thank you. Thank you, Your Honor. Thanks for coming in today. Appreciate it. Rebuttal, Mr. Wolf? Yes. Your Honor, Blockberger is the application of what is the definition of same offense in a Federal prosecution. Oregon law has clearly determined that any theory of aggravated murder is the same offense as any other theory of aggravated murder. Sure, there are different elements. The same is true for ordinary murder. Murder by abuse, intentional murder, felony murder are the same offense. Only one punishable offense. So we don't dispute that there are different elements between ordinary felony murder and ordinary intentional murder. And we don't dispute that the jury never reached the ordinary felony murder charges. But the question is, under Oregon law, is that the same offense? And Wall Raven, which is the State court opinion, clearly establishes they are the same offense. Counsel, in Oregon, could your client have been charged with two counts? One of aggravated felony murder and another one of ordinary felony murder. Could a client, could a defendant be charged with two counts? Yes. Under your theory, if the jury comes back and says, we acquit on count one. Which is? We acquit on the aggravated felony murder. We convict on the ordinary felony murder. Under your theory, the court must direct a verdict. On? Count two. Because they've merged. Well. They're one offense. And now the court is, the jury's acquitted on one. So you can't be acquitted, you can't be convicted on the other. If he's acquitted on the lesser, you're saying? No, I'm saying he was acquitted on the greater. Greater, yes. And convicted on the lesser. But your merger theory is that those are the same offense. They're just alternate theories of the same offense. And therefore, you have to, the court will have to direct a verdict on count two. It'll have to direct a verdict of not guilty. On the greater offense? On the lesser offense. No, because. On the ordinary felony murder offense. No, that's, I'm not saying that necessarily. But isn't that your problem here? You've got a judgment from our court. Yes. That says you can't be, you can't try these folks on an aggravated murder theory. Correct. Okay. And the state says, okay, well we'd like to go back and go back, we'd like to go back then and try them on the lesser offense. As to which the jury has never reached an ultimate conclusion on ordinary felony murder. And your argument today is that, wait a minute, you can't do that because all of these murder theories merge. And once you've got the acquittal as to one, you have to have an acquittal as to all. That's correct. If you have an acquittal, that's the key, that's the touchstone. Let's go back to my example. If you've been charged with two counts, the first one is aggravated felony murder and the jury acquits. And the second was ordinary felony murder and the jury convicts. Doesn't the trial court have to direct a verdict as to count two? Direct a verdict of acquittal as to count two because the jury acquitted on count one. No, not necessarily. Because. I guess I don't understand your argument. Well, if they acquit on the greater offense of aggravated felony murder, and they convict on the lesser of ordinary felony murder, there could be a different reason that they acquitted on the greater offense apart from the lesser offense. But that's a separate question. But your theory was that all the murder counts in Oregon merge. Yes. And now I'm having a hard time figuring out why they don't merge once the jury comes back with an acquittal as to count one. Well, they do merge. But the question for double jeopardy purposes is what do you have? Do you have an acquittal? And are you being tried again for the same offense? And if you have the acquittal, which we do. Well, if you can't. I understand the double. I understand your double jeopardy question. But let me change my hypothetical. Can I have just a minute? Oh, absolutely. I think you're going to come to the same one I'm thinking of. Let me change the hypothetical. Let's suppose that we have an aggravated felony murder charge and an ordinary felony murder charge. Counts one and two. Okay. The jury acquits as to the first one, hangs as to the second one. Now, your theory is the state can't retry him. Right? Well, he can't be retried for the greater. I understand. But he could be retried for the lesser. Why have you got a theory here? Why doesn't that violate the double jeopardy clause? Because we have an acquittal on the lesser. We have an acquittal on ordinary murder, which is the same offense, whether it's committed by abuse intentionally or by felony murder. So it's the same offense. It's a different theory. Let me try one more hypothetical. Two counts. The first one is an ordinary murder. And the second one is ordinary felony murder. Jury acquits as to the first one and convicts on the second. Does the trial court have to throw the second conviction out? Yes. Why? Because they're the same offense if they're for the same victim. If it's for one victim, for the reason that the Supreme Court said right here. If two offenses are the same for purposes of barring consecutive sentences at a single trial, then they necessarily will be the same for purposes of barring successive prosecutions. Why would a trial court in Oregon even allow you to proceed to the jury on those two alternate theories if there's no way that a jury can come forward with that divided verdict? Well, because in some circumstances, a jury could find that a person committed the murder both ways. But then it emerges. Yeah. But what happens then in Oregon is that the judgment is there's one judgment for murder entered. It reflects that it was committed intentionally and by felony murder. And if there's a reversal, say, as to the intentional murder, there was an error which affected only that theory, then there's still a separate theory which stands. Well, my hypothetical, not to prolong this more than necessary, let's suppose in Oregon one count, aggravated felony murder, but the lesser included offense of ordinary felony murder, they're instructed pursuant to Oregon law. The jury acquits on aggravated felony murder but hangs on ordinary. Are you saying that Jeopardy would bar a subsequent prosecution? If the not without an acquittal on the same offense. Okay. All right. So, no. Okay. Thanks for the argument. It's a fascinating case. We appreciate both of you coming in today. We may, and I underline may, follow up with an order requesting some sort of letter briefing on the jurisdictional issue. We'll decide that among themselves. Case to start will be submitted for decision. Thank you, Judge Nelson.
judges: Nelson, Hawkins, Bybee